IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CLEVELAND HANKERSON, | * |
| Petitioner, | * |
| | CASE NO. 5:06-CV-106 WDO |
| VS. | * § 3582(c)(2) Motion |
| | CASE NO. 5:91-CR-10 WDO |
| UNITED STATES OF AMERICA, | * |
| Respondent. | * |

## REPORT AND RECOMMENDATION

Petitioner Hankerson was convicted on December 11, 1992, of Conspiracy to Possess With Intent to Distribute Cocaine Base By Employing a Person Under Age 18, in violation 21 U.S.C. § 846 in connection with 21 U.S.C. § 845(b) [now 21 U.S.C. § 861], as charged in Count 1 of a Second Superseding Indictment returned in this court on October 31, 1991. (R-60). Petitioner was also convicted in Counts 2, 3, and 5 of the Indictment, for Aiding and Abetting To Possess With Intent to Distribute Cocaine Base in violation of 18 U.S.C. § 841(a)(1) i/c/w 18 U.S.C. § 2, Aiding and Abetting in the Use of a Firearm In Relation to a Drug Trafficking Crime in violation of 21 U.S.C. § 924(c) and 18 U.S.C. § 2, and Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1), respectively. On April 16, 1992, Petitioner Hankerson was sentenced to life without parole and a consecutive 5 year term for the Count Three offense. (R- 92).

In his present MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2), Petitioner Hankerson relies upon U.S. Sentencing Guideline Amendment 591,

which he correctly identifies as having been made retroactively applicable under U.S.S.G. § 1B1.10(c). However, Amendment 591 does not apply to Petitioner's situation.

In his Motion, Petitioner contends, "[T]he record will reflect that this court failed to select an appropirate guideline from Chapter Two." He also states, "[Modification of Hankerson's sentence would be consistent (with) applicable policy statements."

## Conclusions of Fact and Law

U.S. Sentencing Guideline Amendment 591, effective November 1, 2000, provides:

> Section 1B1.1 is amended by striking subsection (a) in its entirety and inserting:
> "(a) Determine pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. See § 1B1.2."

Subsequent to Petitioner's convictions, but prior to sentencing, the court ordered that a Pre-Sentence Investigation (PSI) be prepared for sentencing under the U.S. Sentencing Guidelines in force and effect in 1992. Through the PSI, the District Court did correctly determine the applicable guideline for the offense of conviction under Count 1 of Petitioner's Indictment, pursuant to U.S.S.G. § 1B1.1(a) and 1B1.2(a), in ¶¶ **26 -28** of the PSI, stating as follows:

> The guideline for 21 U.S.C. § 846 i/c/w 21 U.S.C. § 845(b), Conspiracy to Possess With Intent to Distribute Cocaine Base by Employing a Person Under 18 Years of Age, is found at U.S.S.G. § 2D1.4(a). This guideline states that if the defendant is convicted of a conspiracy to commit any offense involving a controlled substance, the offense level shall be the same as if the object of the conspiracy had been completed. Since the jury found that the provisions of 21 U.S.C. § 845(b) were applicable

in this count of conviction, the guideline for that offense is used in computing the base offense level.

The guideline for 21 U.S.C. § 845(b), Distribution of Cocaine Base by Employing a Person Under 18 Years of Age, is found at U.S.S.G. § 2D1.2(a)(2). This guideline directs that the base offense level shall be the offense level from U.S.S.G. § 2D1.1 applicable to the total quantity of controlled substances involved in the offense plus one level.

Pursuant to U.S.S.G. § 2D1.2(a)(2), **one** point is added to the offense level as the instant offense involved under aged individuals.[1]

After making the designated calculations for all of the controlled substances involved, the District Court, through the PSI at ¶¶ 28 and 31, found that the base offense level was 34, and added the one point specified under U.S.S.G. § 2D1.2(a)(2), for a Total Offense Level of 35. **However, this calculation was not used**, inasmuch as the court found, pursuant to U.S.S.G. § 4B1.1, that Petitioner Hankerson qualified as a career offender, and that § 4B1.1(A) provided that "in every case that career offender's criminal history category shall be VI, and since the offense statutory maximum penalty for Count 1 is life, the offense level is 37. *See* PSI, ¶ 61. Therefore, Petitioner Hankerson's sentence was not determined by U.S.S.G. § 2D1.2, but by § 4B1.1, to which Amendment 591 has no application. See *Historical Note* to U.S.S.G. § 4B1.1.

---

[1] U.S.S.G. § 2D1.2, as amended, now provides at subsections (a)(10 for a **two** point enhancement for involving an underage individual in drug trafficking.

WHEREF0RE, IT IS RECOMMENDED that Petitioner's MOTION TO MODIFY TERM OF IMPRISONMENT PURSUANT TO 18 U.S.C. § 3582(C)(2) be DENIED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of April 2006.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE