IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | * | |
| Petitioner, | * | CASE NO. 5:06-CV-106 WDO |
| VS. | * | § 3582(c)(2) Motion |
| | | CASE NO. 5:91-CR-10 WDO |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION PURSUANT TO RULE 60(B)(6)

On April 3, 2006, Petitioner Hankerson filed a motion for reduction of his 1992 sentence pursuant to 18 U.S.C. § 3582(c)(2), base upon Amendment 591 to the U.S. Sentencing Guideline provisions. His motion was denied by this court on May 30, 2006. He filed a Notice of Appeal of that Order on June 4, 2006. This court treated the Notice of Appeal as an Application for Certificate of Appealability and denied the same on June 12, 2006 (R-238). On June 22, 2006, this court also denied Petitioner Hankerson's Motion to Proceed on Appeal In Forma Pauperis. (R-244).

Petitioner has now filed a Motion Pursuant to Rule 60(b), Federal Rules of Civil Procedure, wherein he seeks to have this court recall all of its Orders rendered after his June 4, 2006, Notice of Appeal.

While the Clerk of this Court may have referenced this action on the docket of this court as a Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, it was not such and has not been treated as such. Petitioner's Motion was, as filed, a

Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). *See* Report and Recommendation (R-226), Order adopting the Report and Recommendation (R-229), and Petitioner's Notice of Appeal (R-231). Petitioner's Notice of Appeal was filed on June 9, 2006, within 10 days of this court's Judgment denying Petitioner's Motion To Modify Term of Imprisonment Pursuant To 18 U.S.C. § 3582(c)(2) rendered on May 30, 2006.

The Eleventh Circuit Court of Appeals held in *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003):

> Unlike forms of postconviction relief which have been deemed civil in nature, *see, e.g., Fisher v. Baker,* 203 U.S. 174, 27 S.Ct. 135 (1906) (habeas corpus proceedings), every circuit which has addressed § 3582(c)(2) has determined that it is criminal in nature and therefore covered by rules applying to criminal cases, not civil cases. *See, United States v. Spinosa-Talamantes,* 319 F.3d 1245 (10th Cir. 2003) [Ten-day period for appealing criminal cases, rather than 60-day period for appealing civil cases in which United States is a party, applied to appeal from denial of motion to modify term of imprisonment, notwithstanding that district court docketed motion as civil proceeding]; (other Circuit's citations omitted).

Petitioner Hankerson timely filed a criminal Notice of Appeal of this court's denial of his § 3582(c)(2) Motion For Modification of Sentence. The provisions of 28 U.S.C. § 2253(c)(1) do not apply to § 3582(c)(2) Motions For Modification of Sentence, but provide only as follows:

> Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
>    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

>    (B) the final order in a proceeding under section 2255.

Therefore, this court's Denial of a Certificate of Appealability (R-238) in response to Petitioner's Notice of Appeal was superfluous and may be disregarded. To that extent, Petitioner's Rule 60(b) Motion is granted. However, Petitioner made Application to this court to Proceed on Appeal In Forma Pauperis, and this court denied that Application on its merits. That Order stands.

WHEREFORE, to the extend indicated above, Petitioner's Rule 60(b) Motion is denied in part and granted in part.

**SO ORDERED this 13th day of July 2006.**


**S/
WILBUR  D. OWENS, JR.
UNITED STATES DISTRICT JUDGE**