IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:91-CR-10 (CAR) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | Proceedings under 28 U.S.C. § 1651 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Cleveland Hankerson's "Motion for Relief in the Nature of a Writ of Error Coram Nobis or a Writ of Audita Querela pursuant to the All Writs Act, 28 U.S.C. § 1651(a)." Doc. 400. In the motion, Petitioner argues that his sentence of life plus five years imprisonment is illegal and requests that the Court vacate, set aside, or resentence him. Id. Whether the Court construes Petitioner's motion for relief as a motion for writ of error coram nobis, a motion for writ of audita querela, or a successive section 2255 motion, the motion is without merit. Accordingly, it is hereby **RECOMMENDED** that the motion be **DENIED**.

## DISCUSSION

Generally, federal prisoners seeking to collaterally attack their sentences must do so under 28 U.S.C. § 2255. See Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). Nonetheless, the All Writs Act permits "all courts established by Act of Congress [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). It is well-established, however, that courts do not have unfettered discretion to issue writs under the Act:

1

> The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling. Although that Act empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate.

Pa. Bureau of Corrections v. U.S. Marshals Service, 474 U.S. 34, 43 (1985). "A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002); see also United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997) ("If [Petitioner] was 'in custody' within the meaning of § 2255 when he filed his appeal, then the statutory remedies of that provision were available to him, and coram nobis relief was unavailable as a matter of law."). Additionally, "a writ of audita querela may not be granted when relief is cognizable under [28 U.S.C.] § 2255." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005).

In this case, regardless of whether the Court construes Petitioner's motion for relief as a motion for writ of error coram nobis or as a motion for writ of audita querela, the motion is without merit. "The writ of error coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." United States v. Mills, 221 F.3d 1201, 1203 (11th Cir. 2000). Critically, however, relief under the writ of error coram nobis is unavailable as a matter of law where, as here, Petitioner remains in custody. Peter, 310 F.3d at 712; Brown, 117 F.3d at 475.

Petitioner's motion for relief under the writ of audita querela is similarly misplaced. Historically, the writ of audita querla was "employed by a judgment debtor in a civil case against the execution of a judgment because of some defense or discharge arising subsequent to the rendition of the judgment or the issue of the execution." Holt, 417 F.3d at 1174. Relief under the

writ of audita querela is unavailable where, as here, Petitioner seeks to attack the legality of his sentence, because relief is cognizable under 28 U.S.C. § 2255. Id. at 1175.[1]

Furthermore, a review of Petitioner's motion and the record indicates that Petitioner filed the present motion in an attempt to circumvent the statutory requirement that any federal prisoner who wishes to file a second or successive motion to vacate, set aside, or correct sentence is required to move the Court of Appeals for an order authorizing the district court to consider such a motion. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A). In his motion, Petitioner expressly concedes that he previously filed an unsuccessful section 2255 motion and that he is seeking relief in the nature of a writ error coram nobis or a writ of audita querela because he believes that relief under section 2255 is unavailable to him. Doc. 400. Because Petitioner failed to obtain authorization to file a successive section 2255 motion, this Court lacks jurisdiction to construe and consider the current motion as a successive section 2255 motion. Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003).

## CONCLUSION

Because Petitioner's motion for relief in the nature of a writ of error coram nobis or a writ of audita querela is without merit, and because the Court lacks jurisdiction to construe and consider the motion as a successive section 2255 motion, it is hereby **RECOMMENDED** that the motion be **DENIED.**

---

[1] Insofar as Petitioner argues that he is ineligible for section 2255 relief because he previously filed an unsuccessful section 2255 motion, this argument lacks merit. The Eleventh Circuit concluded that there was cognizable relief under section 2255 for the petitioner in Holt, even though the petitioner arguably could not obtain that relief because of the procedural rules restricting successive section 2255 motions. Holt, 417 F.3d at 1175.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 24th day of October, 2012.

                                       s/ Charles H. Weigle
                                       Charles H. Weigle
                                       United States Magistrate Judge